**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HENRY BROWN                                                                                    PLAINTIFF

VS.                                        4:06CV00514 JMM/JTR

SMITH FIBER CAST                                                                              DEFENDANT

**ORDER**

Pending before the Court[1] is Mr. Dustin H. Jones's Motion to Withdraw as counsel for Plaintiff.  (Docket entry #19.) For the reasons set forth herein, the Motion will be granted.

Plaintiff filed this action alleging that Defendant discriminated against him in violation of Title VII.. (Docket entry #2.)   On May 31, 2006, the Court granted Plaintiff's Motion for Appointment of Counsel (docket entry #14) and, on June 6, 2006, appointed Mr. Jones to represent Plaintiff.  (Docket entry #16.)  On July 19, 2006, Mr. Jones filed a Motion to Withdraw and Brief in Support  requesting permission to withdraw as Plaintiff's counsel because he believes his claims have no legal merit. (Docket entries #19 and #20.)

In his Motion, Mr. Jones claims that: (1) he conducted a telephone interview with Plaintiff; (2) has investigated the facts and reviewed the materials contained in the Clerk's record; (3) is familiar with employment discrimination law; and (4) without disclosing privileged information, believes that Plaintiff's legal position lacks merit.  (Docket entry #19.)

Local Rule 83.7 provides, in pertinent part, that:

---

[1] The Honorable James M. Moody, United States District Judge, has referred Mr. Jones' Motion to this Court for disposition.  (Docket entry #21.)

>If, after interviewing the client, investigating the facts, and researching the applicable law, an appointed attorney is convinced that the party's legal position is non-meritorious, the appointed attorney may petition the Court for leave to withdraw. Such petition to withdraw must be filed within sixty (60) days of the appointment order. If the attorney is allowed to withdraw, his/her name may be restored to the list of enrolled attorneys subject to future appointment.

After careful consideration, the Court concludes that Mr. Jones has timely stated good cause for being granted leave to withdraw as counsel for Plaintiff. Accordingly, his Motion to Withdraw will be granted.

One of the relevant factors in determining whether counsel should be appointed is whether there is some factual basis for the plaintiff's lawsuit. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In light of Mr. Jones' representations, the Court questions whether there is some factual basis for Plaintiff's lawsuit. Accordingly, the May 31, 2006 Order (docket entry #14) granting Plaintiff's Motion for Appointment of Counsel will be vacated. Plaintiff must either hire an attorney or represent himself in this action.[2]

IT IS THEREFORE ORDERED THAT:

1. Mr. Jones's Motion to Withdraw (docket entry #19) is GRANTED.

2. The Clerk is directed to restore Mr. Jones's name to the list of enrolled attorneys subject to future appointment.

---

[2] If Plaintiff chooses to represent himself, he must be familiar with Local Rule 5.5(c)(2), which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

3. The May 31, 2006 Order (docket entry #14) granting Plaintiff's Motion for Appointment of Counsel is VACATED. Plaintiff must either hire an attorney or represent himself in this action.

4. The Clerk is directed to send a copy of this Order to Plaintiff at the address he has previously provided to the Court.

Dated this 15th day of August, 2006.

                                                                  /s/ J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE