**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**HENRY BROWN**                                                        **PLAINTIFF**

**VS.**                                        **4:06CV00514**

**SMITH FIBERCAST**                                                  **DEFENDANT**

## ORDER GRANTING SUMMARY JUDGMENT

Pending is Defendant's motion for summary judgment.  (Docket # 57).  Plaintiff has

responded.  For the reasons set forth herein, Defendant's motion is granted.

Facts

Plaintiff, Henry Brown was hired by Smith Fibercast on or about March 1, 2004.  As a

production employee, Brown was a member of the United Steelworkers ("Union").  On or about

March 17, 2004 Brown received a copy of the Smith Fibercast employee handbook which

included a Workplace Violence Policy and a Disciplinary Guidance Policy.

On October 7, 2005, Brown, who is African American, was involved in a physical

altercation with a fellow African-American production worker, Shurrod Smith, while the two

men were working inside the Smith Fibercast plant.  Smith suffered injuries to the front and back

of his head that required treatment in an emergency room.   Brown admitted that he struck Smith

during the altercation.  Brown was suspended after the altercation.  Management personnel

performed an investigation of the incident involving Brown and Smith.  After the investigation

Smith Fibercast terminated Brown's employment for violation of the Workplace Violence Policy.

Smith Fibercast maintains an appeal process for disciplinary actions taken against

members of the collective bargaining group.  Brown was aware of the grievance procedure but

failed to take advantage of it.

Brown filed suit against Smith Fibercast alleging that Smith Fibercast discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964 when it suspended him on October 7, 2005 and terminated him on October 14, 2005.  Defendant claims that it is entitled to summary judgment on Plaintiff's claims.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged,

2

> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue.  If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

<u>Discussion</u>

In order to establish a prima facie case of race discrimination, Plaintiff must show he (1)

was a member of a protected class, (2) was meeting the legitimate expectations of his employer;

(3) suffered an adverse employment action, and (4) there are facts that permit an inference of

discrimination based upon a protected class.  *Zhuang v. Datacard, Corp.,* 414 F.3d 849, 854(8th

Cir. 2005). Because Plaintiff fails to present direct evidence of discrimination, the Court analyzes

his claim under the *McDonnell Douglas* analytical framework.

Once a *prima facie* case is established, a rebuttable presumption of discrimination arises

and the burden then shifts to the employer to articulate a legitimate nondiscriminatory business

reason for its actions.  *McDonnell Douglas Corp.v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817

(1973).  Once such a reason is produced, "the presumption disappears and the [plaintiff] bears

the burden of proving that the proffered reason was pretextual and the real reason for the

termination was discrimination."  *Thomas v. First Nat'l Bank,* 111 F.3d 64 (8th Cir. 1997).

It is undisputed that Plaintiff satisfies the first and third elements of his *prima facie* case.

Defendant contends that Plaintiff cannot establish the second and fourth elements because he did

not meet the legitimate expectations of his employer when he violated the Workplace Violence

Policy and there are no facts which permit an inference of discrimination based upon race.

Alternatively, Defendant argues that it had a legitimate non-discriminatory reason for its actions

and Plaintiff cannot establish that the reason for the suspension or termination was pretext for

discrimination.

The Court finds that Plaintiff has failed to produce evidence that demonstrates that he was

meeting the legitimate expectations of his employer.  Plaintiff admits that he was involved in the

altercation with his co-worker and his claim that Smith instigated the altercation does not alter

the fact that he caused injury to his co-worker.  Further, Plaintiff has offered no evidence which

permits the Court to infer discrimination based on race.  Plaintiff has offered no evidence that

similarly situated employees who were not a member of the protected class were treated

differently for similar conduct.  Plaintiff complains that he was terminated and Smith was not,

however, both he and Smith are African American.   Finally, the Court finds that Defendant

established a legitimate, non-discriminatory business reason for its actions in this case and after

reviewing Plaintiff's pleadings the Court finds that Plaintiff has been unable to produce evidence

which demonstrates that the proferred reason for his suspension or termination  was in fact

pretext for racial discrimination.

Wherefore, Defendant's motion, docket # 57, is granted.

IT IS SO ORDERED this 15th day of August, 2007.


James M. Moody
United States District Judge

4